**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re: Sarah McGeary-DeHaan                                                Ch. 13: 18-43329

Debtor(s)

**NOTICE OF MODIFIED PLAN (Pre-Confirmation)**
**AND CONFIRMATION HEARING**

To:  The Chapter 13 Trustee; the United States Trustee; and to the other entities specified in Local Rule 3015-2:

1.  Please take notice that the debtor has filed a modified plan.

2.  A copy of the modified CH 13 plan is attached.

3.  The Court will hold a hearing on confirming this modified plan at **10:00 o'clock a.m. on January 17, 2018** at **US Courthouse, Courtroom 8 West, 300 4th St, Minneapolis, MN 55415** as soon thereafter as counsel may be heard.

4.  Any objection to confirmation of this modified plan shall be delivered not later than 24 hours prior to the time and date set for the confirmation hearing or mailed not later than three days prior to the date set for the confirmation hearing.


   /e/ Sam V. Calvert
Sam V. Calvert
1011 2nd St. North, Suite 107
St. Cloud MN  56303
320-252-4473
atty id # 1431X

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Sarah K. McGeary-DeHann

Debtor.

*In a joint case, debtor means debtors in this plan.*

Case No.        18-43329
CHAPTER 13 PLAN    ☒ Modified
Dated  Dec. 4, 2018

**Part 1. NOTICE OF NONSTANDARD PLAN PROVISIONS, SECURED CLAIM LIMITATIONS, AND LIEN OR SECURITY INTEREST AVOIDANCE: Debtor must check the appropriate boxes below to state whether or not the plan includes each of the following items:**

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim based on a valuation of the collateral for the claim, set out in Parts 9 or 17 | ☐ Included | ☒ Not included |
| 1.2 | Avoidance of a security interest or lien, set out in Part 17 | ☐ Included | ☒ Not included |
| 1.3 | Nonstandard provisions, set out in Part 17 | ☒ Included | ☐ Not included |

**Part 2. DEBTOR'S PAYMENTS TO TRUSTEE**
2.1  As of the date of this plan, the debtor has paid the trustee $ 1,346.00.
2.2  After the date of this plan, the debtor will pay the trustee $ 1,500.00 per month for 23 months beginning in December, 2018 for a subtotal of $34,500.00. The debtor will pay the trustee $2,487.50 for 36 months, beginning in May, 2021, for a subtotal of $89,550.00.  Total payments under this paragraph, then are $124,0560.00.
2.3  The minimum plan length is ☐ 36 months or ☒ 60 months from the date of the initial plan payment unless all allowed claims are paid in a shorter time.
2.4  The debtor will also pay the trustee   $0 .
2.5  The debtor will pay the trustee a total of $125,396.00 [lines 2.1 + 2.2 + 2.4].

**Part 3. PAYMENTS BY TRUSTEE:** The Trustee will pay from available funds only creditors for which proofs of claim have been filed. The trustee may collect a fee of up to 10% of plan payments, or $12,539.60 [line 2.5 x .10].

**Part 4. ADEQUATE PROTECTION PAYMENTS (§ 1326(a)(1)(C)):** The trustee will promptly pay from available funds adequate protection payments to creditors holding allowed claims secured by personal property, according to the following schedule, beginning in month one (1).

| | Creditor | Monthly payment | Number of payments | Total payments |
|---|---|---|---|---|
| 4.1 | none | | | |
| 4.2 | | | | |
| | TOTAL | | | |

**Part 5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES (§ 365):** The debtor assumes the following executory contracts or unexpired leases. Debtor will pay directly to creditors all payments that come due after the date the petition was filed.  Cure provisions, if any, are set forth in Part 8.

| | Creditor | Description of property |
|---|---|---|
| 5.1 | none | |
| 5.2 | | |

**Part 6. CLAIMS NOT IN DEFAULT:** Payments on the following claims are current and the debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens, if any.

|     | Creditor | Description of property |
|-----|----------|------------------------|
| 6.1 | Coop Credit Union Montevideo | Chevy Silverado |
| 6.2 | Coop Credit Union Montevideo | 2nd loan |

**Part 7. HOME MORTGAGES IN DEFAULT (§§ 1322(b)(5) AND 1322(e)):** The trustee will cure payment defaults on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens. **All following entries are estimates.** The trustee will pay the actual amounts of default.

|     | Creditor | Amount of default | Monthly payment | Beginning in month # | Number of payments | Total payments |
|-----|----------|-------------------|-----------------|----------------------|--------------------|----------------|
| 7.1 | Fay Servicing | 108208.58 | 1019.00 | 2 | 10 | |
| 7.2 | Fay Servicing |  | 1350.00 | 11 | 13 | |
|     |               |  | 2215.25 | 25 | 36 | 108208.58 |
|     | TOTAL |  |  |  |  | 108205.58 |

**Part 8. CLAIMS IN DEFAULT** (**§§ 1322(b)(3) AND (5) AND 1322(e)**): The trustee will cure payment defaults on the following claims as set forth below. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens, if any. **All following entries are estimates, except for interest rate.**

|     | Creditor | Amount of default | Interest rate (if any) | Monthly payment | Beginning in month # | Number of payments | Total payments |
|-----|----------|-------------------|------------------------|-----------------|----------------------|--------------------|----------------|
| 8.1 | Huntington National Bank (car) | 1096.20 |  | 1096.20 | 1 | 1 | 1096.20 |
|     | TOTAL |  |  |  |  |  |  |

**Part 9. SECURED CLAIMS SUBJECT TO MODIFICATION ("CRAMDOWN") PURSUANT TO § 506 (§ 1325(a)(5)) (secured claim amounts in this Part control over any contrary amounts except for secured claims of govern-mental units):** The trustee will pay, on account of the following allowed secured claims, the amount set forth in the "Total Payments" column below. Unless otherwise specified in Part 17, the creditors will retain liens securing the
allowed secured claims until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or the date of the debtor's discharge, and if this case is dismissed or converted without completion of the plan, such liens shall also be retained by such holders to the extent recognized by applicable nonbankruptcy law. **Notwithstanding a creditor's proof of claim filed before or after confirmation, the amount listed in this Part as a creditor's secured claim binds the creditor pursuant to 11 U.S.C. § 1327 and confirmation of the plan is a determination of the creditor's allowed secured claim.** For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with FRBP 3012(c) controls over any contrary amount.

|     | Creditor | Claim amount | Secured claim | Interest rate | Begin-ning in month # | x (Monthly payment | Number of payments) | = Plan payments | + Adq. Pro. from Part 4 | = Total payments |
|-----|----------|--------------|---------------|---------------|----------------------|--------------------|---------------------|-----------------|--------------------------|-------------------|
| 9.1 | NONE |  |  |  |  |  |  |  |  |  |
|     | TOTAL |  |  |  |  |  |  |  |  |  |

**Part 10. SECURED CLAIMS EXCLUDED FROM § 506 AND NOT SUBJECT TO MODIFICATION ("CRAMDOWN") (§ 1325(a)) (910 vehicles and other things of value)(allowed secured claim controls over any contrary amount):** The trustee will pay in full the amount of the following allowed secured claims. **All following entries are estimates, except for interest rate.** The creditors will retain liens. Unmodified 910 claims not in default are addressed in Part 6. Unmodified 910 claims in default are addressed in Part 8.

|      | Creditor | Claim amount | Interest rate | Begin-ning in month # | (Monthly payment | x Number of payments) | = Plan payments | + Adq. Pro. from Part 4 | = Total payments |
|------|----------|--------------|---------------|------------------------|------------------|-----------------------|-----------------|--------------------------|------------------|
| 10.1 | NONE     |              |               |                        |                  |                       |                 |                          |                  |
| 10.2 |          |              |               |                        |                  |                       |                 |                          |                  |
|      | TOTAL    |              |               |                        |                  |                       |                 |                          |                  |

**Part 11. PRIORITY CLAIMS (not including claims under Part 12):** The trustee will pay in full all claims entitled to priority under § 507(a)(2) through (a)(10), including the following. **The amounts listed are estimates.** The trustee will pay the amounts actually allowed.

|      | Creditor | Estimated claim | Monthly payment | Beginning in month # | Number of payments | Total payments |
|------|----------|------------------|------------------|----------------------|---------------------|----------------|
| 11.1 | Calvert Law Office | 3310.00 | 331 | 2 | 10 | 3310.00 |
|      | TOTAL    |                  |                  |                      |                     | 3310.00 |

**Part 12. DOMESTIC SUPPORT OBLIGATION CLAIMS:** The trustee will pay in full all domestic support obligation claims entitled to priority under § 507(a)(1), including the following. **The amounts listed are estimates.** The trustee will pay the amounts actually allowed.

|      | Creditor | Estimated claim | Monthly payment | Beginning in month # | Number of payments | Total payments |
|------|----------|------------------|------------------|----------------------|---------------------|----------------|
| 12.1 | none     |                  |                  |                      |                     |                |
|      | TOTAL    |                  |                  |                      |                     |                |

**Part 13. SEPARATE CLASSES OF UNSECURED CLAIMS:** In addition to the class of unsecured claims specified in Part 14, there shall be separate classes of non-priority unsecured claims described as follows:   none
The trustee will pay the allowed claims of the following creditors. **All entries below are estimates.**

|      | Creditor | Estimated Claim | Interest rate (if any) | Monthly payment | Beginning in month # | Number of payments | Total payments |
|------|----------|------------------|-------------------------|------------------|----------------------|---------------------|----------------|
| 13.1 | none     |                  |                         |                  |                      |                     |                |
| 13.2 |          |                  |                         |                  |                      |                     |                |
|      | TOTAL    |                  |                         |                  |                      |                     |                |

**Part 14. TIMELY FILED UNSECURED CLAIMS:** The trustee will pay holders of non-priority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under Parts 3, 7, 8, 9, 10, 11, 12 and 13 their pro rata share of approximately $241.32 [line 2.5 minus totals in Parts 3, 7, 8, 9, 10, 11, 12 and 13].
14.1 The debtor estimates that the total unsecured claims held by creditors listed in Part 9 are $ 0.
14.2 The debtor estimates that the debtor's total unsecured claims (excluding those in Parts 9 and 13) are $ $0 .
14.3 Total estimated unsecured claims are $ 0 [lines 14.1 + 14.2].

**Part 15. TARDILY-FILED UNSECURED CLAIMS:** All money paid by the debtor to the trustee under Part 2, but not distributed by the trustee under Parts 3, 4, 7, 8, 9, 10, 11, 12, 13 and 14, will be paid to holders of allowed nonpriority unsecured claims for which proofs of claim were tardily filed.

**Part 16. SURRENDER OF COLLATERAL AND REQUEST FOR TERMINATION OF STAY:** The debtor has surrendered or will surrender the following property to the creditor. The debtor requests that the stays under §§ 362(a) and 1301(a) be terminated as to the surrendered collateral upon confirmation of the plan.

|      | Creditor | Description of property |
|------|----------|-------------------------|
| 16.1 |          |                         |
| 16.2 |          |                         |

**Part 17. NONSTANDARD PROVISIONS:** The Trustee may distribute additional sums not expressly provided for herein at the trustee's discretion. Any nonstandard provisions, as defined in FRBP 3015(c), must be in this Part. Any nonstandard provision placed elsewhere in the plan is void. Any request by the debtor to modify a claim secured only by a security interest in real property that is the debtor's principal residence must be listed in this Part and the debtor must bring a motion to determine the value of the secured claim pursuant to Local Rule 3012-1(a).

| 17.1 | he trustee may distribute additional sums not expressly provided for herein at the trustee's discretion. As to the claims dealt with in paragraph 7, in the event of the surrender or foreclosure or repossession or return of the collateral to the creditor for any reason, the balance of the claim, if any, will be paid as an unsecured claim, discharged by the discharge granted pursuant to 11 USC 1328. Pursuant to 11 USC Sec.1305, a proof of claim may be filed by the IRS for taxes that become payable while the case is pending. The trustee shall only pay Section 1305 claims attributable to the taxable year in which the case concerning the debtor was filed, and only to the extent that funds are available. Other than said tax claims, the debtor will pay, in full (with interest) all postpetition claims allowed under 11 USC Sec. 1305, if there are any such claims. Confirmation of the plan shall impose a duty on the holders and/or servicers of claims secured by liens on real property to apply the payments received from the trustee on the pre-petition arrearages, if any, only to such arrearages; to apply the direct mortgage payments as set out in the note and mortgage; to notify the trustee, the debtor and the attorney for the debtor of any changes in the interest rate for an adjustable rate mortgage and the effective date of the adjustment; to notify the trustee, the debtor and attorney for the debtor of any change in the taxes and insurance that would either increase or reduce the escrow portion of the monthly mortgage payment; and to otherwise comply with 11 U.S.C. Section 524(i). The holders and/or servicers of claims secured by liens on real property may send payment coupons to the debtor. The holders and/or servicers of claims secured by liens on real property may negotiate with the debtor and implement mutually agreeable loan modification agreements. The plan filed by the debtor(s) herein hereby specifically rejects, avoids, cancels and otherwise releases the debtor(s) from any and all contractual provisions, with any party or entity, which could or may impose on the debtor(s) any duty, requirement or obligation to submit any and all claims, demands, or causes of action of the debtor(s) or any defenses, affirmative or otherwise, of any nature whatsoever, whether known or unknown, and whether arising pre-petition or post-petition, to any form of binding arbitration or alternative dispute resolution.<br><br>The debtor(s) shall send the Trustee each year during the Chapter 13 Plan copies of federal and state income tax returns at the time they are filed. The debtor(s) shall also promptly report to the Trustee the receipt of any federal and state tax refunds for the duration of this Chapter 13 case. The debtor(s) shall be entitled to retain the first $1,200 (single debtor or single tax return filer) or $2,000 (joint debtor or joint tax return filer), plus any earned income credit (EIC). Any remaining amounts shall be turned over to the Chapter 13 trustee as additional plan payments. |
|------|---|
| 17.2 |   |

**SUMMARY OF PAYMENTS**:

| Class of payment | Amount to be paid |
| --- | --- |
| Payments by trustee [Part 3] | 12,539.60 |
| Home mortgages in default [Part 7] | 108,208.58 |
| Claims in default [Part 8] | 1096.50 |
| Secured claims subject to modification (cramdown) pursuant to § 506 [Part 9] | |
| Secured claims excluded from § 506  [Part 10] | |
| Priority claims [Part 11] | 3310.00 |
| Domestic support obligation claims [Part 12] | |
| Separate classes of unsecured claims [Part 13] | |
| Timely filed unsecured claims [Part 14] | 241.32 |
| TOTAL (must equal line 2.5) | 125,396.00 |

Certification regarding nonstandard provisions:
I certify that this plan contains no nonstandard provision except as placed in Part 17.

Signed:  / s / Sam Calvert
            Attorney for debtor or debtor if pro se

Signed:  Sarah Mcgeary-DeHaan
            Debtor 1

REVISED 12/15

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re: Sarah McGeary-DeHaan

Case No.

Debtor(s).

## SIGNATURE DECLARATION

☐ PETITION, SCHEDULES & STATEMENTS
☐ CHAPTER 13 PLAN
☐ VOLUNTARY CONVERSION, SCHEDULES & STATEMENTS
☐ AMENDMENT TO PETITION, SCHEDULES & STATEMENTS
☑ MODIFIED CHAPTER 13 PLAN
☐ OTHER: PLEASE DESCRIBE: _____

I [We], the undersigned debtor(s) or authorized representative of the debtor, make the following declarations under penalty of perjury:

1. The information I have given my attorney for the electronically filed petition, statements, schedules, amendments, and/or chapter 13 plan, as indicated above, is true and correct;

2. The Social Security Number or Tax Identification Number I have given to my attorney for entry into the court's Case Management/Electronic Case Filing (CM/ECF) system as a part of the electronic commencement of the above-referenced case is true and correct;

3. **[individual debtors only]** If no Social Security Number was provided as described in paragraph 2 above, it is because I do not have a Social Security Number;

4. I consent to my attorney electronically filing with the United States Bankruptcy Court my petition, statements and schedules, amendments, and/or chapter 13 plan, as indicated above, together with a scanned image of this Signature Declaration;

5. My electronic signature contained on the documents filed with the Bankruptcy Court has the same effect as if it were my original signature on those documents; and

6. **[corporate and partnership debtors only]** I have been authorized to file this petition on behalf of the debtor.

Date: 12-12-18

x _(signed)_
Signature of Debtor 1 or Authorized Representative

_Sarah McGeary-DeHaan_
Printed name of Debtor 1 or Authorized Representative

x _____
Signature of Debtor 2

_____
Printed Name of Debtor 2

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re:  Sarah McGEary - DeHaan                                                      CH 13    18-43329

       Debtor(s).

Unsworn Declaration for Proof of Service

     I, Darlene Leyendecker, employee of Sam Calvert, attorney licensed to practice law in this Court, with office address of 1011 2nd St. North Suite 107, St. Cloud, MN 56303, being first duly sworn, on oath deposes and says that on December 12, 2018 I served the following documents:

- Modified Plan
- Proof of Service

By filing electronically
**via CM/ECF:**

US Trustee
300 S. 4th St. STE 1015
Minneapolis, MN 55415

Kyle Carlson
PO Box 519
Barnesville, MN 56514

Kevin T. Dobie
Attorney for Movant
4500 Park Glen Road, #300
Minneapolis, MN 55416


By mailing each of them a copy  December 12, 2018 the same in the United States Mail at St. Cloud, MN addressed as follows:

**by US Mail**

Sarah McGeary DeHaan
400 Sanford Rd
Benson, MN 56215

see attached list

And I declare, under penalty of perjury, that the foregoing is true and correct.

Dated:  December 12, 2018                                                     /e/ Darlene Leyendecker

Huntington National Bankruptcy
2361 Morse Rd
Columbus, OH 43299

Kevin T. Dobie
Usset Weingarden & Liebo
4500 Park Glen Rd #300
Minneapolis, MN 55416

SCBH
1815 Wisconsin Ave
Benson, MN 56215